IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOC., | No. C-09-5761-EDL |
| Plaintiffs, | **REPORT AND RECOMMENDATION RE: MOTION FOR REMAND AND MOTION FOR COSTS AND FEES** |
| v. | |
| JOSE GARCIA, et al., | |
| Defendants. | |

Plaintiff U.S. Bank National Association ("US Bank) has filed a motion to remand this unlawful detainer complaint back to Contra Costa County Superior Court following Defendant Jose Garcia's procedurally and substantively improper removal. US Bank also seeks costs and fees for its remand motion. Defendant has not opposed the remand motion or consented to this Court's jurisdiction, and all mail to him regarding consent has been returned to the court as undeliverable. For the following reasons, the Court issues this Report and Recommendation recommending GRANTING the motion to remand and awarding costs in the amount of $700.00.

**Background**

This action began as a residential unlawful detainer action filed by Plaintiff US Bank in Contra Costa County on October 16, 2009. See Request for Judicial Notice Ex. 1 (complaint in case no. PS09-2108). The Complaint sought to recover possession of certain property and evict all persons occupying the property, including Defendant Jose Garcia and a number of other named individuals and DOE defendants. Id. On October 26, 2009, pro se Defendant Jose Garcia filed a motion to quash service of summons. Id. Ex. 8 at p.26.[1] On November 2, 2009, the court denied

---

[1] Plaintiff appears to have mistakenly attached Plaintiff's motion to quash in what appears to be a different case involving the same parties (case no. PS09-1505) as Exhibit 2. However, the correct motion to quash was attached to Mr. Garcia's removal papers which are also attached as Exhibit 8.

1   Mr. Garcia's motion to quash.  See Ex. 4.  Neither the minute order or the order signed by the judge
2   state that Mr. Garcia must "answer only," and instead appear to allow "5 days to respond."  See Ex.
3   4.  However, the "Notice of Ruling on Motion to Quash" prepared by counsel for Plaintiff states that
4   the court allowed Mr. Garcia five days to "answer only."  Id. Ex. 4.  Mr. Garcia did not answer
5   within five days, but instead filed a demurrer to the complaint on November 6, 2009.  The demurrer
6   was denied by the state court on December 13, 2009, and according to the "Notice of Ruling"
7   prepared by counsel for Plaintiff, the court allowed Mr. Garcia five days to "answer only."  Id. Exs.
8   3, 5.  Plaintiff's counsel prepared a notice of the order and served it on November 17, 2009.  On
9   November 19, 2009, Mr. Garcia filed an answer to the complaint.  Ex. 6.
10        On November 25, Plaintiff requested entry of default against "Fortino de la Cruz, Yolanda G.
11  de la Cruz, Carmen Garcia, Ana Ramos, and All Occupants pursuant to CCP 415.46."  Ex. 7.  A
12  copy of the request for entry of default was sent to the individuals listed on the request, as well as to
13  Jose Garcia.  Id.  Plaintiff claims throughout its papers that "default judgment" was entered against
14  Mr. Garcia, but nothing indicates that this is true.  It appears that default was "entered" against the
15  other named defendants, but not Mr. Garcia.  Plaintiff does not appear to have moved for or obtained
16  "default judgment" against any defendants, including Mr. Garcia.  See Motion at 4:15, 6:4-6, 7:20.
17  On December 9, 2009, Mr. Garcia filed a notice of removal to this Court based on diversity of
18  citizenship.  Ex. 8.  On December 14, 2009, Plaintiff voluntarily dismissed the state court action
19  without prejudice, and on January 7, 2009 sought to remand the removed federal case back to state
20  court.  Ex. 9.  Mr. Garcia has not opposed the remand motion or consented to the jurisdiction of this
21  magistrate court, and US Bank did not file a reply.

22  **Legal Standard**

23        "Except as otherwise expressly provided by Act of Congress, any civil action brought in a
24  State court of which the district courts of the United States have original jurisdiction, may be
25  removed by the defendant or the defendants, to the district court of the United States for the district
26  and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any
27  time before final judgment[, however,] it appears that the district court lacks subject matter
28  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

2

1  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Id</u>. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." <u>Id</u>. Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441(b); <u>id.</u> at § 1331. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986). Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

**Analysis**

### A. The Removal Was Untimely

Plaintiff moves to remand on the basis that Mr. Garcia's removal of the action was untimely under 28 U.S.C. § 1446, which requires that an action be removed within thirty days of service or thirty days after it becomes ascertainable that the action could be removed. Mr. Garcia was served with the summons and complaint on October 23, 2009, and did not remove until December 8, 2009. Ex. 8. Nothing in the interim changed the nature of the original complaint or made it any more or less removable than it was on the date it was served. Therefore, even taking into consideration the leniency afforded to pro se litigants, there is no excuse for Mr. Garcia's failure to timely remove, and remand is appropriate on this basis.[2] <u>See</u> 28 U.S.C. § 1447(c) (removed case may be remanded to state court based on a "defect" in the removal procedure).

### B. No Federal Court Jurisdiction

#### 1. No Diversity Jurisdiction

Mr. Garcia removed on grounds of complete diversity under 28 U.S.C. § 1332(c)(1),

---

[2] Additionally, the notice of removal does not indicate that Mr. Garcia obtained the consent of any of the other defendants to remove. When there is more than one defendant in an action, all defendants must unanimously agree to join in the removal. <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232 (9th Cir. 1986). Failure to comply with the unanimity requirement renders the removal procedurally defective. <u>See Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988). Removal was improper on this procedural basis as well.

3

claiming that he is domiciled in California while US Bank is domiciled in Ohio. Ex. 8 at 2. Plaintiff does not challenge the citizenship allegations, but notes that Mr. Garcia's removal papers make no mention of the $75,000 statutory minimum amount in controversy. The burden of proving the propriety of removal rests with the removing party. Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Mr. Garcia has not opposed the motion or made any other effort to show that the statutory minimum has been met, and the face of the complaint shows that it has not been met. The cover page of the complaint states in the caption, "AMOUNT DEMANDED DOES NOT EXCEED $10,000,"and the Civil Case Cover Sheet indicates that it is a "limited" action because the amount demanded is $25,000 or less. Ex. 1. Therefore, the case was not removable as a diversity action and remand is appropriate.

### 2. No Federal Question Jurisdiction

Although Mr. Garcia did not remove based on federal question jurisdiction, US Bank notes that the case was not removable on this basis because the complaint alleges a single, state law "unlawful detainer" claim. US Bank's argument against federal question jurisdiction is likely in response to certain statements in Mr. Garcia's answer that refer to federal law, and intended as a preemptive effort to defeat any argument that these statements create a federal question. Specifically, Mr. Garcia's answer states as an affirmative defense that, "I believe the bank wants to sell this house so they are violating federal laws that protect me as a tenant. The [sic] refuse to obey the law and is [sic] so doing are discriminating on me and retaliating against me because I wish to continue renting." Ex. 6 at p. 2. Mr. Garcia's answer also states, "They are violating federal law that protects me as a tenant, only to sell the house." Id.

These statements in the answer do not create a federal question over which this Court may exercise jurisdiction. In Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002), the Ninth Circuit held:

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. However, the existence of a defense based upon federal law is insufficient to support jurisdiction. [A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. (internal citations and

4

footnote omitted)

Because the complaint alleges only a single state law cause of action, there is no federal question jurisdiction and remand is appropriate on this basis as well.[3]

### C. Remand After State Court Dismissal

Though it is clear that there was no basis for removal of the case to this Court and the Court may not retain jurisdiction over the matter, the procedural history of this action raises another question: Can the Court remand back to state court where the state court action has been voluntarily dismissed *after* removal, or should it dismiss the case outright?  As discussed above, Mr. Garcia filed a notice of removal in federal court on December 9, 2009, and on December 14, 2009, Plaintiff filed a voluntary "request for dismissal" of the state court action and shortly thereafter moved to remand the federal case.  See Exs. 8, 9.

Generally, a removing party is required to file a notice of removal with the clerk of the state court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Any subsequent action of the state court is void. See Allstate Ins. Co. v. Superior Court, 132 Cal. App. 3d 670, 676 (1982). Thus, if Mr. Garcia properly filed the notice of removal in state court on December 9, then the state court had no authority to dismiss the previously-removed case on December 14 and the dismissal would be void. However, there is no indication in the documents before this Court that Mr. Garcia notified the state court or the Plaintiff of the removal on that date, and the removal notice does not bear the state court case number. Plaintiff and the state court may have been unaware of the removal notice when the case was dismissed. Therefore, this Court cannot say with certainty that the state court action was properly dismissed, which would make remand futile. Given the uncertainty of the procedural history, this case does not fall within the narrow line of cases recognizing an exception to § 1447(c) and allowing a federal court to dismiss a case instead of remand it where there is "absolute certainty that remand would prove futile." See Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir. 1991) (quoting M.A.I.N. v. Commissioner, Maine Dept. of Human Servs., 876 F.2d 1051, 1054 (1st

---

[3] The Court need not reach US Bank's additional argument that Mr. Garcia's attempt to remove is also improper because it was filed after default judgment was entered. As noted above, US Bank has not submitted any evidence of such a default judgment against Mr. Garcia.

Cir.1989)).

For the foregoing reasons, remand to Superior Court for the County of Contra Costa is appropriate.

### D.     Costs and Fees of Remand Motion

US Bank seeks $2,100.00 in costs and fees allegedly incurred as a result of the improper removal. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). US Bank contends that there was no legal basis for Mr. Garcia's removal, it was procedurally improper, and was done solely to harass Plaintiff by causing further litigation expenses, unnecessary delay, and to impede its right to possession of its real property.

An award of costs and fees is discretionary, but courts generally do not award them where the removing party had an "objectively reasonable basis for removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  In this case, and despite Mr. Garcia's pro se status, there was no objectively reasonable basis for believing removal was appropriate.  Neither federal question nor diversity jurisdiction are indicated on the face of the complaint, and instead the complaint makes clear that it contains a single state law claim for less than $10,000.  Therefore, an award of actual costs and fees is appropriate.

The declaration of Donna La Porte filed concurrently with US Bank's remand motion states that attorneys for US Bank spent a total of four hours preparing the remand motion at a cost of $175.00 per hour, for a total of $700.00.  This amount of time and the rate spent appears to be reasonable, and the Court recommends that $700.00 in costs and fees be awarded.  Ms. La Porte's declaration also anticipates an additional eight hours to prepare a reply to Mr. Garcia's opposition and attend the motion hearing.  Mr. Garcia did not file an opposition and thus US Bank did not file a reply. Additionally, this matter was decided without oral argument and no appearance by counsel was necessary.  Therefore, no additional award of costs or fees is warranted.

### Conclusion

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

6

1  72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right
2  to appeal the District Court's order.

3  Dated: February __16, 2010

                                                                   ELIZABETH D. LAPORTE
4                                                               United States Magistrate Judge